## COMMONWEALTH *vs.* ELLEN O'CONNELL.

An indictment for larceny of "a quantity of bank bills current within this commonwealth, amounting together to one hundred and fifty dollars, and of the value of one hundred and fifty dollars," cannot be objected to, under *St.* 1864, c. 250, for informality in the description of the articles stolen, after the commencement of the trial; and *it seems* that an objection on this ground would not be sustained, even if seasonably taken.

A count for larceny and a count for receiving stolen goods, both counts being founded on the same transaction, may be joined in one indictment.

Upon an indictment for larceny of a quantity of bank bills amounting together to one hundred and fifty dollars and of the value of one hundred and fifty dollars, the jury found the defendant guilty, and in reply to an inquiry by the court said that they found the sum feloniously taken to have been forty-eight dollars. *Held*, a good conviction.

INDICTMENT. The first count charged that the defendant, on a day and at a place named, " a quantity of bank bills current within this commonwealth, amounting together to one hundred and fifty dollars, and of the value of one hundred and fifty dollars," feloniously did steal, take and carry away. The second count charged the defendant with feloniously receiving the same bank bills, knowing them to have been stolen.

After the commencement of the trial, in the superior court, before *Rockwell*, J., the defendant objected to the validity of the indictment, on the ground that no number of bank bills was alleged, and no reason was assigned for not alleging the number, and that the allegation of larceny of " a quantity " of bank bills was bad; but the judge overruled the objection.

It appeared that the two counts were for the same transaction; and the defendant objected that the indictment was bad because there was no averment that the two counts were different descriptions of the same act; but this objection was overruled.

Evidence was introduced in behalf of the Commonwealth to show that a pocket-book containing one hundred dollars in bills folded together in one package, forty-eight dollars in bills or paper money folded together in another package, and about two dollars in fractional currency, was stolen from the possession of the person named in the indictment as the owner; that the forty-eight dollars were found in a drawer in the defendant's grocery, where the larceny was committed, but the residue of the money was not found. The defendant objected that the above evidence would not sustain the indictment, because the charge was of stealing bank bills collectively and of an aggregate value of one hundred and fifty dollars, while no such aggregate value of bank bills was shown to have been stolen; but the judge ruled otherwise.

The jury returned a verdict of guilty on the first count; and being inquired of by the court, said they found the sum feloniously taken by the defendant to have been forty-eight dollars A *nol. pros.* was entered upon the second count. The defendant alleged exceptions to the above rulings and verdict.

*I. Sumner,* (*A. J. Waterman* with him,) for the defendant.

*Reed,* A. G., for the Commonwealth.

FOSTER, J. The defendant was indicted for larceny of property described in the indictment as "a quantity of bank bills current within this commonwealth, amounting together to one hundred and fifty dollars and of the value of one hundred and fifty dollars."

After the commencement of the trial, this form of allegation was objected to. But the *St.* of 1864, *c.* 250, § 2, requires objections of this nature to be taken by demurrer or motion to quash, before the jury is empanelled. The defendant, therefore, after pleading not guilty and going to trial upon the truth of the charge against her, was not entitled to the benefit of any technical defect in the mode of its allegation. It is not perceived, however, that the description of bank bills as "a quantity," instead of "divers and sundry," constitutes an error. And the statement of the aggregate value of property stolen, where all the articles are of one kind, has been sanctioned by this court. *Commonwealth* v. *Sawtelle,* 11 Cush. 142.

The indictment contained a second count charging the defendant as a felonious receiver of stolen property. It appeared that both counts were founded upon the same transaction; whereupon the objection was made that there was no averment that they were different descriptions of the same act. If there were any validity to this objection, it was wholly removed by the *nol. pros.* of the second count. But a charge of larceny and of feloniously receiving stolen property might always, in this commonwealth, be joined in one indictment. *Commonwealth* v. *Adams,* 7 Gray, 43. And the *St.* of 1861, *c.* 181, was intended to permit the same criminal act to be variously described in different counts, the union of which at common law might otherwise have been held a misjoinder. Its object was not to impose upon the criminal pleader any new restrictions.

The defendant also contended that the evidence reported would not sustain the indictment, on the ground that the charge was of stealing bank bills collectively and of an aggregate value of one hundred and fifty dollars, and that no such aggregate

value of bank bills was shown to have been stolen. But under the averment it was competent to convict the defendant of steal-ing a part only of the whole sum charged. *Commonwealth* v *Duffy*, 11 Cush. 145.

The jury returned a verdict of guilty ; and, being inquired of by the court, said they found the sum feloniously taken by the defendant to have been forty-eight dollars. The bill of excep-tions states that the defendant excepted to this verdict ; but upon what ground is not set forth. If the objection intended to be reserved was, as seems probable, that he was not liable to be convicted of stealing a part of the money only, it has been al-ready answered. If it related to the form of the verdict, that was, substantially, guilty of stealing a part and not guilty of stealing the residue. And such would have been the customary form ; but there is no error in the record as it stands.

*Exceptions overruled.*